# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE )<br><br>)<br>WBW, LLC, )<br><br>)<br>     Debtor. )<br>_____ )<br><br>)<br>THE BANK OF COMMERCE, )<br>Trustee of the Dwight E. Baker Self- )<br>Directed Rollover Agreement dated )<br>5/11/92, )<br><br>)<br>     Plaintiff, )<br><br>)<br>v. )<br><br>)<br>GOOD GUYS, LLC, an Idaho limited )<br>liability company, )<br><br>)<br>     Defendant. )<br>_____ )<br><br>)<br>GOOD GUYS, LLC, an Idaho limited )<br>liability company, and TROY )<br>BRAZELTON, )<br><br>)<br>   Third Party Plaintiffs, )<br><br>)<br>v. )<br><br>)<br>KNUDSEN POOR FARMS, INC, an )<br>Idaho corporation, )<br><br>)<br>   Third Party Defendant. ) | Case No. 03-02387-TLM<br><br>Chapter 7<br><br><br><br><br><br><br><br><br><br><br><br>Adv. No. 09-06066-TLM |

MEMORANDUM OF DECISION - 1

```
_____  )
                                   )
KNUDSEN POOR FARMS, INC.,          )
an Idaho corporation,              )
                                   )
             Third Party Plaintiff, )
                                   )
v.                                 )
                                   )
THE BANKRUPTCY ESTATE OF           )
WBW, LLC, and Gary L. Rainsdon,    )
chapter 7 trustee,                 )
                                   )
             Third Party Defendants. )
_____  )
```

### MEMORANDUM OF DECISION
_____

## I.    INTRODUCTION

Before the Court in this adversary proceeding is a Motion for Summary Judgment filed by Gary Rainsdon, chapter 7 trustee ("Trustee").  Adv. Doc. No. 14 ("Motion").[1]  Trustee requests that summary judgment be entered on the Third Party Complaint of Knudsen Poor Farms, Inc. ("Knudsen"), in which Knudsen asserts claims of rescission and breach of contract against Trustee.  The Court heard oral argument on May 7, 2010, and took the matter under advisement. Having considered the record, the arguments, and the applicable authorities, the

_____

[1]  Throughout this Memorandum of Decision references are made to papers filed in both this adversary proceeding and in the corresponding bankruptcy case, Case No. 03-02387-TLM. References to documents filed in this proceeding will be designated with "Adv. Doc. No. ___." References to documents filed in the main bankruptcy case will be designated with "Doc. No. ___."

MEMORANDUM OF DECISION - 2

Court will grant the Motion.

## II.    SUMMARY JUDGMENT STANDARD

The Ninth Circuit recently articulated the standard to be applied for

summary judgment:

> In adversary proceedings before the bankruptcy court, the familiar
> summary judgment standard established in Federal Rule of Civil
> Procedure 56 applies.  *See* Fed. R. Bankr. P. 7056; *North Slope
> Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227 (9th Cir.
> 1997).   Summary judgment is proper when "the pleadings, the
> discovery and disclosure materials on file, and any affidavits show that
> there is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An
> issue is "genuine" only if there is a sufficient evidentiary basis on
> which a reasonable fact finder could find for the nonmoving party, and
> a dispute is "material" only if it could affect the outcome of the suit
> under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
> 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The party moving
> for summary judgment has the burden of showing the absence of a
> genuine issue of material fact.  *Id.* at 256-57, 106 S.Ct. 2505.  The
> court must view all the evidence in the light most favorable to the
> nonmoving party.  *County of Tuolumne v. Sonora Cmty. Hosp.*, 236
> F.3d 1148, 1154 (9th Cir. 2001).
>
> In response to a properly submitted summary judgment motion, the
> burden shifts to the opposing party to set forth specific facts showing
> that there is a genuine issue for trial.  *Henderson v. City of Simi Valley*,
> 305 F.3d 1052, 1055-56 (9th Cir. 2002).  The nonmoving party "may
> not rely on denials in the pleadings but must produce specific evidence,
> through affidavits or admissible discovery material, to show that the
> dispute exists."  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th
> Cir. 1991).
>
> A court "generally cannot grant summary judgment based on its
> assessment of the credibility of the evidence presented."  *Agosto v. INS*,
> 436 U.S. 748, 756, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978).  "[A]t the

MEMORANDUM OF DECISION - 3

summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

*Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008).

Here, the Court finds that the facts material to resolving the legal issues presented by Trustee's Motion are undisputed, and that Trustee is entitled to judgment as a matter of law.

## III.    FACTS

On June 27, 2003, WBW, LLC ("Debtor"), filed a voluntary petition for chapter 11 relief.  Debtor's bankruptcy case was converted to a chapter 7 case on March 9, 2006, and Trustee was appointed to administer Debtor's bankruptcy estate.  In this capacity, Trustee, with Court approval, sold the bankruptcy estate's interest in several parcels of real property pursuant to § 363.[2]  One of those parcels (the "Property") is at issue here.

WBW obtained the Property, located in Power County, Idaho, by a trustee's warranty deed on January 21, 1999.  On December 20, 2000, WBW executed a warranty deed conveying the Property to Bird Builders, LLC.  The

---

[2]    Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Section 363 permits "[t]he trustee, after notice and a hearing, to sell property of the estate, other than in the ordinary course of business . . . ."

MEMORANDUM OF DECISION - 4

deed was recorded that same day.  On September 17, 2001, WBW executed a warranty deed purportedly conveying the same Property to The Bank of Commerce, as trustee of the Dwight E. Baker Self-Directed IRA Rollover Agreement dated 5/11/92 ("Dwight Baker IRA").  This deed was also recorded.

WBW filed bankruptcy and the case was converted to a chapter 7.  After his appointment to the case, Trustee persuaded Bird Builders, LLC, to reconvey its interest in the Property to WBW by a quitclaim deed, dated August 24, 2006.  The quitclaim deed was recorded on September 6, 2006.

On December 8, 2006, Trustee entered into a real estate purchase and sale agreement ("Agreement") with Brian Haynes wherein Trustee agreed to convey the Property to Haynes for $160,000.00, subject to Court approval.  Adv. Doc. No. 14, Ex. E.  Trustee also agreed to provide Haynes marketable and insurable title. *Id.* ¶¶ 13 and 15.

Trustee came before this Court on December 11, 2006, seeking approval to sell the Property to Haynes under § 363(b).  *See* Doc. No. 311.  The Court, on January 4, 2007, entered an order authorizing the sale, free and clear of all liens and encumbrances, with all valid liens to attach to the sale proceeds.  Doc. No. 316 (the "Sale Order").[3]  The Sale Order was not appealed.

---

[3]  The Sale Order approved the sale of 11 parcels of real property in addition to the Property at issue here.  Haynes was the purchaser of four of the additional parcels.

MEMORANDUM OF DECISION - 5

On February 13, 2007, Haynes transferred his rights under the Agreement to Knudsen, and Trustee conveyed all of the bankruptcy estate's "right, title and interest in and to" the Property to Knudsen by a bankruptcy trustee's deed, dated February 14, 2007.  Adv. Doc. No. 14, Ex. F.  The trustee's deed provided that conveyance of the Property was "AS IS AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED."  *Id.*  Neither Trustee nor Knudsen had actual knowledge of Dwight Baker IRA's September 17, 2001 deed at the time the sale closed.[4]

On August 27, 2007, Knudsen conveyed the Property to Troy Brazelton by quitclaim deed and Brazelton then conveyed the Property to Good Guys, LLC ("Good Guys") by a subsequent quitclaim deed.  Both deeds were recorded on August 31, 2007.

Sometime thereafter, Dwight Baker IRA, through its trustee The Bank of Commerce, filed a state court quiet title action, Case No. CV 2009-26 OC, against Good Guys seeking a judgment declaring Dwight Baker IRA owner of the Property.  Good Guys and Brazelton filed a third party complaint against Knudsen, alleging Knudsen had failed to transfer good title, and Knudsen in turn filed a third party action against Debtor's bankruptcy estate and Trustee on July

---

[4]  Neither party briefed or discussed any implications of constructive notice from the recording of the Dwight Baker IRA deed.

MEMORANDUM OF DECISION - 6

29, 2009, for rescission and breach of contract.  Adv. Doc. No. 1, Ex. B.  Knudsen

seeks to rescind the sale of the Property on the basis of misrepresentation or

mutual mistake, or, in the alternative, damages on a breach of contract theory.

Trustee removed the entire case, including the third party action against him, from

the state court to this Court.  *See* Adv. Doc. No. 1.

## IV.   DISCUSSION AND DISPOSITION

Trustee advances three substantive arguments in support of summary

judgment:  First, Knudsen's claims are barred because they constitute requests for

relief from this Court's § 363 Sale Order not pursued under Fed. R. Civ. P. 60(b).

Second, the doctrine of merger bars Knudsen's claim for breach of contract.  And

third, Knudsen has not made a sufficient showing to establish a genuine issue on

its mutual mistake claim.[5]  The Court concludes summary judgment is proper

under Trustee's first two arguments.

### A.   Knudsen's demand for rescission on the grounds of mistake is barred by Fed. R. Civ. P. 60.

Knudsen's complaint demands relief from Trustee's § 363 sale of the

Property on grounds of misrepresentation or mutual mistake.  In particular,

Knudsen asks for rescission of the sale in order to return the parties to their pre-

---

[5]  Trustee also argues that Count I of Knudsen's complaint, labeled "Rescission," fails
because rescission is a remedy, not a cause of action.  While Trustee is correct – rescission is not
itself a basis for relief, but rather a remedy – Knudsen's complaint does not assert rescission as a
cause of action, but requests rescission as relief on the grounds of misrepresentation and mutual
mistake.  *See* Adv. Doc. No. 1, Ex. B ¶ 22.

MEMORANDUM OF DECISION - 7

sale positions.  The Court in its Sale Order approved and authorized the sale.[6]  To

grant the relief Knudsen seeks, the Court would be required to undo or overrule its

§ 363 Sale Order.  Thus, Knudsen's request for rescission in this action against the

bankruptcy estate and Trustee constitutes a collateral attack on the Court's Sale

Order.  *See In re Ray*, 2008 WL 544876, at *5 (Bankr. W.D. Wash. 2008) ("Even

though an action has an independent purpose and contemplates some other relief, it

is a collateral attack if it must in some fashion overrule a previous judgment.")

(quoting *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir.

1972)).  Such an attack is barred.

     The sole route for seeking relief from the Sale Order on the grounds

Knudsen asserts is Fed. R. Civ. P. 60, made applicable to cases under the

Bankruptcy Code by Fed. R. Bankr. P. 9024.[7]  *See Mulvania v. United States (In re*

*Mulvania)*, 214 B.R. 1, 8–9 (9th Cir. BAP 1997) (bankruptcy court's power to

reconsider prior orders is governed by and limited to Rule 60); *see also Gekas v.*

*Pipin (In re Met-L-Wood)*, 861 F.2d 1012, 1018 (7th Cir. 1988) ("[W]e hold that

confirmed sales – which are final judicial orders – can be set aside only under Rule

60(b).").  Indeed, subsections (b)(1) and (b)(3) of Rule 60 contemplate relief from

---

[6]  No dispute was presented at the time of sale regarding Debtor's interest in the
Property.

[7]  Fed. R. Bankr. P. 9024 excepts certain parts of Rule 60.   None of those exceptions is
relevant here.

MEMORANDUM OF DECISION - 8

an order for mistake or misrepresentation, respectively.[8]  However, Knudsen has

not filed a motion under Rule 60(b), but instead is attempting to impermissibly

attack the § 363 sale by way of this action against the bankruptcy estate and

Trustee.

Even if the Court were to overlook Knudsen's procedural misstep, and

deem Knudsen's third party complaint to be a motion for relief from the Sale

Order under Rule 60(b), that motion would be time-barred by Rule 60(c).  Rule

60(c) limits the time for making a Rule 60(b) motion based on mistake or

misrepresentation to one year after entry of the order.[9]  Federal Rule of Bankruptcy

Procedure 9006(b)(2) prohibits the Court from enlarging this one-year limitation.[10]

The Court entered the Sale Order on January 4, 2007.  Knudsen filed its complaint

on July 29, 2009, over two years after the Sale Order was entered.  Therefore,

Knudsen's request for relief was untimely made and Trustee is entitled to

---

[8]  Rule 60(b) provides, in pertinent part:
    On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the following reasons:
      (1)  mistake, inadvertence, surprise, or excusable neglect;
. . .
      (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation,
        or misconduct by an opposing party[.]

[9]  Rule 60(c)(1) requires that "[a] motion under Rule 60(b) . . . be made within a
reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the
judgment or order or the date of the proceeding."

[10]  Fed. R. Bankr. P. 9006(b)(2) provides that "[t]he court may not enlarge the time for
taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024."  As noted, Fed. R.
Bankr. P. 9024 incorporates Rule 60.

MEMORANDUM OF DECISION - 9

judgment as a matter of law.

This result is consistent with the policy strongly favoring the finality of judicial orders, which becomes particularly relevant in the context of § 363 bankruptcy sales. As the Seventh Circuit Court of Appeals has noted, "[u]nless bankruptcy sales are final when made, rather than subject to being ripped open years later, high prices will not be offered for the assets of bankrupt firms – and the principal losers (pun intended) will be unsecured creditors." *In re Met-L-Wood*, 861 F.2d at 1019.[11] The time for reconsidering this Court's Sale Order had passed by the time Knudsen filed this action.

### B. Knudsen's breach of contract claim is barred by the doctrine of merger.

In the alternative, Knudsen seeks damages on a breach of contract theory. Knudsen alleges specifically that Trustee breached the Agreement by not conveying marketable and insurable title to the Property. Knudsen's breach of contract claim is barred by the doctrine of merger.

The doctrine of merger is well settled under Idaho law:

[T]he acceptance of a deed to premises generally is considered as a merger of the agreements of an antecedent contract into the terms of the deed, and any claim for relief must be based on the covenants or agreements as contained in the deed, not the covenants or agreements

---

[11] Although not implicated by this Motion, § 363(m) further evidences this policy of finality. That section provides that even the reversal of an order authorizing a sale under § 363(b) does not affect the sale's validity if the buyer was acting in good faith and the sale was not stayed pending appeal.

MEMORANDUM OF DECISION - 10

as contained in the prior agreement.

*Sells v. Robinson*, 118 P.3d 99, 103 (Idaho 2005) (quoting *Jolley v. Idaho Sec.,
Inc.*, 414 P.2d 879, 884 (Idaho 1966)).  A recognized exception to this doctrine
exists "where under the contract the rights are conferred collaterally and
independent of the deed; there being no presumption that the party accepting the
deed intends to give up the covenants of which the deed is not a performance or
satisfaction."  *Id.* at 104.  However, "where the right claimed under the contract
would vary, change, or alter the agreement in the deed itself, or inheres in the very
subject-matter with which the deed deals, a prior contract covering the same
subject-matter cannot be shown as against the provisions of the deed."  *Id.*

Knudsen may not rely on the Agreement as the basis for its breach of
contract claim.  The trustee's deed unambiguously conveyed to Knudsen only the
bankruptcy estate's "right, title and interest in and to" the Property and such
conveyance was expressly "as is and without representation or warranty, express
or implied."  Adv. Doc. No. 14, Ex. F.  Enforcement of Knudsen's right to
marketable and insurable title as provided for in the Agreement would vary or
alter the agreement in the deed itself.  Under the doctrine of merger, Knudsen
cannot assert rights contained in the prior Agreement that are inconsistent with the
deed.  Though the terms of the deed may vary from those contained in the
Agreement, the deed alone governs the rights of the parties, the Agreement having

MEMORANDUM OF DECISION - 11

been merged in the deed.  *See Estes v. Barry*, 967 P.2d 284, 287 (Idaho 1998)

(quoting *Jolley*, 414 P.2d at 884).  Having accepted the deed, Knudsen gave up the

right to receive marketable and insurable title to the Property.  If the deed did not

accurately reflect the parties' agreement it was incumbent upon Knudsen to refuse

the deed at closing.  Knudsen did not do so.  Instead, it accepted the deed as

performance or satisfaction of the parties' agreement.  Knudsen is thus barred

from now arguing that the deed did not embody the parties' final agreement, and

Trustee is entitled to judgment as a matter of law on Knudsen's breach of contract

claim.

Because the Court finds summary judgment to be appropriate on Trustee's

Rule 60(b) and merger arguments, it need not, and does not, address Trustee's final

argument concerning Knudsen's failure to establish a genuine issue as to mutual

mistake.

## V.    CONCLUSION

Based on the reasons set forth above, Trustee's Motion for Summary

Judgment, Adv. Doc. No. 14, will be granted.

Counsel for Trustee shall submit the appropriate order.

MEMORANDUM OF DECISION - 12

DATED: May 26, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13